## Case No. 1,114.

### BAUGH v. NOLAND.

[2 Cranch, C. C. 2.][1]

Circuit Court, District of Columbia. June Term, 1810.

## Case No. 1,115.

### BAULIGUY v. UNITED STATES.

[The case reported under this title in 1 La. Law J. 184, is the same as Bouligney v. U. S., Case No. 1,696a.]

## Case No. 1,116.

### In re BAUM.

[1 Ben. 274;[2] 1 N. B. R. 5; Bankr. Reg. Supp. 2; 6 Int. Rev. Rec. 28.]

District Court, S. D. New York. July Term, 1867.

PRACTICE — TIME TO FILE SPECIFICATIONS OF OP-POSITION—EXAMINATION OF BANKRUPT.

1. A creditor who has proved his claim may, at any time thereafter, and before the expiration of the time limited by rule 24 of the general orders in bankruptcy, file specifications of the grounds of his opposition to a bankrupt's discharge.

2. That rule is enabling and not prohibitory.

3. The filing of such specifications is not a necessary prerequisite to the making of an order, under section 26 of the bankruptcy act, [of March 2, 1867; 14 Stat. 529,] for the examination of the bankrupt, or of other persons.

In bankruptcy. In this case a register in bankruptcy certified to the court that a creditor had given notice of his intention to oppose the discharge of the bankrupt, and had handed in a list of objections to the discharge; that the bankrupt opposed the reception of the objections at that stage of the proceedings, it being the first meeting of creditors specially for the proof of debts and the choice of an assignee; and that the opinion of the court was desired on the question as to whether the objections could now be received. The register referred to section 31 of the bankruptcy act, which provides that any creditor opposing the discharge of a bankrupt may file a specification in writing of the grounds of his opposition, and the court may, in its discretion, order any question of fact so presented to be tried at a stated session of the district court. The register stated that in this case the petitioner represented no assets whatever in his sched-

ule; that the creditor was not satisfied with this, and had declared his intention of applying, as soon as the appointment of the assignee, which had been made, was approved, for an order to examine the bankrupt and other persons, under section 26, with a view to finding assets, as well as proving the specific charges of fraud which the creditor had specified in the paper filed by him. The register stated that this seemed to suggest the following questions: (1) When shall a creditor so file his objections? (2) When the objections are so filed, may the register make an order that the bankrupt and others should appear to be examined? (3) Is it competent for the creditor to examine the bankrupt and others ad libitum to find property, as well as to establish his specifications of fraud and other objections to the discharge? The register observed that if the provisions of the act would permit, it would seem to be well if something of this kind could be done at an early period of the proceedings, first, to quiet all groundless fears, and second, to ascertain what facts and what issues it was worth while to bring before the court for trial; that such a proceeding would be quite in analogy with the provisions of section 391 of the Code of Procedure of the State of New York, which had at times a very healthy operation; that if, after such examination, the register could certify to the court the precise issues that existed between the respective parties, and which the court must try, very much labor and vexation would be spared to the court, which really has less conveniences for getting at such issues than the register, before whom the testimony is taken, and who fully knows the whole case; that the provisions of rule 24 of the "general orders in bankruptcy," to the effect that "a creditor opposing the application of a bankrupt for discharge shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file his specification of the grounds in opposition in writing within ten days thereafter, unless the time shall be enlarged by order of the district court in the case, and the court shall thereupon make an order as to the entry of said case for trial on the docket of the district court, and the time within which the same shall be heard and decided," are not in antagonism with this view; that rule 24 contains nothing prohibitory, and may be fully operative on those who have not theretofore appeared; that the creditors who have filed objections and examined the bankrupt and other witnesses, and got out all the facts which they desire, may well come into court at the time prescribed in rule 24, enter an appearance, and file such specifications as they on the whole have concluded they will be able to sustain, and thereupon proceed as specified in rule 24; that he could see no objection to any creditor who may see fit to file objections with the register, or perhaps without that, proceeding at once to ex

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

amine the bankrupt and other witnesses, and thereby fully preparing himself to take the steps prescribed in rule 24, and that the 26th section of the act would fail in having some of its specifications carried out if an opposite view were taken, as power is there given to the court "at all times" to require the bankrupt to attend and be examined.

BLATCHFORD, District Judge. I fully concur in these general views of the register. A creditor who has proved his debt may file at any time the specification in writing of the grounds of his opposition to the discharge of the bankrupt, referred to in section 31 of the act. Rule 24 of the "general orders in bankruptcy" is enabling, and not prohibitory. A creditor who does not file his specification by the time specified in rule 24 will lose his opportunity of doing so. But he has a right to file such specification at any time after he has proved his debt, and before the expiration of the time limited by rule 24. The filing of such specification is not, however, a necessary prerequisite to the making of an order, under section 26 of the act, that the bankrupt or other persons attend and be examined as to the matters specified in that section. Such order may be made, and such examinations may be had, on the application of the assignee, or of any creditor who has proved his debt, or on the suggestion of the register himself, and without any application, and without the previous filing of any specification under section 31 of the act. The bankrupt and all other persons are subject to examination at all times, at the instance of the assignee or of any creditor who has proved his debt, or of the court, or of the register, in regard to any of the matters specified in section 26.